**LAW OFFICES**
**OF**
**PATRICK J. MADDEN, LLC**

204 GLENWOOD AVE.
HADDONFIELD, NJ
08033-0389
PHONE  609-413-5635
FAX 856-624-3525
PJM@PJMADDENLAW.COM

CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

January 7, 2026

<u>Via CM/ECF</u>
Clerk of the Court
United States District Court for the
District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   Thomas vs. Bloomfield, et als
      2:25-cv-17606-ES-SDA

Dear Clerk:

As to Plaintiff's request for default judgment in the amount of $25,000,000, I would note that Rule 55 of the Federal Rules of Civil Procedure provides that, after the Clerk of Court enters default against a party:

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed.R.Civ.P. 55(b)(1).

However, if plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2). In the latter case, the court may conduct hearings to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." Fed.R.Civ.P. 55(b)(2)(A)-(D).

Further, "[i]n general, plaintiffs are 'not automatically entitled to the damages they originally demanded' in the complaint, but a plaintiff may be "required to prove that he or she is entitled to the damages sought." Bryant v. Jackson, CIV.A. 13-2823 JBS/A, 2014 WL 4211243, at *2 (D.N.J. Aug. 25, 2014)(citations omitted). As noted by the Court in Bryant, when "[d]amages under the Complaint are not susceptible to proof in a sum certain, such as by an accounting of a business ledger, Plaintiff's motion for default judgment cannot be granted under Fed.R.Civ.P. 55(b)(1)." Ibid.

Here, Plaintiff has presented claims arising under 42 U.S.C. § 1983, the N.J. Law Against Discrimination, the N.J. Civil Rights Act, and Common Law Negligent and Intentional Infliction of Emotional Distress. As to damages, Plaintiff states he "suffered damage to his reputation, permanent mental and emotional injury, monetary loss, and other damages." (Doc. 11, Amended Complaint, par. 108)

In short, this is hardly an action where Plaintiff seeks a "sum certain", such that the Clerk of this Court may enter default judgment consistent with Rule 55.

Further, and as noted in Doc. 16, there is a substantial issue as to Plaintiff's effectuation of service on Defendant Coffey which must be resolved by the Court prior to considering any application for default judgment.

Thus, I would respectfully request that Plaintiff's request for default judgment be denied.

I thank the Court for its courtesies herein.

    Respectfully,

    Law Offices of Patrick J. Madden, LLC

    *Patrick J. Madden*

    Patrick J. Madden, Esquire

PJM:

cc:    all counsel via CM/ECF
       client